Michael D. Adams (#035190)
Michael.Adams@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brandy Moore,<br><br>    Plaintiff,<br><br>v.<br><br>National Credit Systems, Inc. and Experian Information Solutions, Inc.,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiff resides in and the injury occurred in Maricopa County, Arizona and Defendants do business in Arizona.

4. Personal Jurisdiction exists over Defendants as Plaintiff resides in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of specific conduct with Plaintiff with Arizona.

**PARTIES**

5. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Maricopa, Arizona.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

8. Defendant Experian Information Solutions, Inc., is a limited liability company existing and operating under the laws of the State of Arizona that engages in the business of maintaining and reporting consumer credit information.

9. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and has a registered agent in Arizona of CT Corporation System, 3800 N. Central Ave. Suite 460, Phoenix, AZ 85012.

10. National Credit Systems, Inc., ("NCS") is a for profit corporation existing and operating under the laws of the State of Arizona that engages in the business of furnishing consumer credit information.

11. NCS was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

12. NCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS COMMON TO ALL COUNTS**

13. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant NCS and Experian and has suffered particularized and concrete harm.

14. Experian is one of the largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681(a)(f).

15. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

16. Experian has a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681(e)(B).

17. On or about August 2022, Plaintiff discovered NCS was erroneously reporting an account (the "Account") on Plaintiff's Experian consumer reports.

18. The Account was reporting on Plaintiff's Experian consumer reports with a balance past due.

19. The reporting of the Account on Plaintiff's consumer reports is inaccurate because there is no balance past due.

20. There is no balance due on the Account because the Account was settled in full with I.Q. Data International, Inc., the servicer on the Account.

21. The Account arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

22. NCS regularly collects or attempts to collect, directly or indirectly, debts once owed or due, or once asserted to be owed or due, another.

23. Because Plaintiff does not owe the debt shown on the Account, NCS's representation that an amount is past due was false.

24. Experian published the false information regarding Plaintiff to third parties.

25. The false information regarding the Account appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

## WRITTEN DISPUTE

26. On or about September 2022, Plaintiff sent a written dispute letter to Experian (the "Dispute"), disputing the inaccurate information regarding the Account showing on Plaintiff's consumer reports.

27. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

28. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Dispute.

29. At no point after receiving the Dispute did Defendants communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

30. Experian relied on its own judgment and the information provided to it by NCS, rather than grant credence to the information provided by Plaintiff.

## COUNT I –Experian

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

31. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

32. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

33. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

34. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

35. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

36. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

38. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39. After receiving the Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

40. Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by

failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in each Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

41. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

44. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III – NCS

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

45. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46. After receiving Plaintiff's dispute, NCS failed to correct the false information regarding the Account reporting on Plaintiff's consumer reports.

47. NCS violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by

verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

48. As a result of this conduct, action, and inaction of NCS, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49. NCS's conduct, action, and inaction was willful, rendering it liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

50. In the alternative, NCS was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

51. Plaintiffs is entitled to recover costs and attorneys' fees from NCS pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### COUNT IV – NCS

(Fair Debt Collection Practices Act Violation – 15 U.S.C. § 1692e)

52. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

54. "The FDCPA is a strict liability statute to the extent it imposes liability without proof of an intentional violation." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3d 364, 368 (3d Cir. 2011).

55. "It is a remedial statute that we 'construe . . . broadly, so as to effect its purpose.'" *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006)).

56. More broadly, the FDCPA was enacted in order to eliminate abusive debt collection practices, which contribute to the number of personal bankruptcies, marital instability, loss of employment, and invasions of privacy as well as insure that debt collectors who refrain from using such practices are not competitively disadvantaged. *See, e.g.,* 15 U.S.C. § 1692(a), (e); *Lesher v. Law Offices of Mitchell N. Kay, PC,* 650 F.3d 993, 996 (3d Cir.2011); *Wilson,* 225 F.3d at 354.

57. "[C]ourts have analyzed the statutory requirements [of the FDCPA] 'from the perspective of the least sophisticated debtor.' This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor." *Campuzano-Burgos v. Midland Credit Management, Inc.*, 550 F.3d 294, 298 (3d Cir. 2008) (quoting *Rosenau*, 539 F.3d at 221); *see also Clomon v. Jackson,* 988 F.2d 1314, 1318 (2d Cir. 1993) ("The basic purpose of the 'least-sophisticated consumer' standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd.").

58. "The basic purpose of the least-sophisticated [debtor] standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection

law." *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 148-49 (3d Cir. 2013) (quoting *Lesher,* 650 F.3d at 997).

59. The FDCPA creates a broad, flexible prohibition against the use of misleading, deceptive, or false representations in the collection of debts. *See* 15 U.S.C. § 1692e; *Hamilton v. United Healthcare of Louisiana, Inc.*, 310 F.3d 385, 392 (5th Cir. 2002) (citing legislative history reference to the FDCPA's general prohibitions which "will enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed").

60. Included as an example of conduct that violates section 1692e is the false representation of the character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

61. Thus, the plain-language of the FDCPA makes it clear that under the strict liability framework, any false representation as to the amount of the debt is sufficient to show a violation of the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("§ 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period."); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003) ("under § 1692e ignorance is no excuse").

62. Under the same general prohibition of false, misleading, or deceptive debt collection practices, the FDCPA prohibits a debt collector from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false. . . ." 15 U.S.C. § 1692e(8).

63. NCS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the Debt, including by

reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against NCS for noncompliance of the Fair Debt Collection Practices Act and seeks remedies as defined by 15 U.S.C. § 1692 and demands:

1. Trial by jury.

2. Adjudging that NCS violated 15 U.S.C. § 1692e;

3. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

4. Awarding Plaintiff actual damages to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1);

5. Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

6. Any further legal and equitable relief as the court may deem just and proper in the circumstances

Dated: November 2, 2022

                                              */s/ Michael D. Adams*
                                              Michael D. Adams
                                              McCarthy Law, PLC
                                              4250 North Drinkwater Blvd, Suite 320
                                              Scottsdale, AZ  85251
                                              Telephone: (602) 456-8900
                                              Fax: (602) 218-4447
                                              Attorney for Plaintiff